IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff Victoria Looper
Case No. 1:16-cv-03510

---

**PLAINTIFF VICTORIA LOOPER'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO 28**

COMES NOW Plaintiff Victoria Looper, who respectfully requests permission to file a six-page answer to Defendant's Motion for Judgment

**I.   Ms. Looper's cause of action for her invasive surgery did not "accrue" until she suffered the injury on February 18, 2014.**

Under South Carolina law, "a personal injury cause of action cannot accrue until there is an injury," *McAlhany v. Carter*, 781 S.E. 2d 105, 112 (S.C. Ct. App. 2015). The beginning of the tolling period for the statutes of limitation is the time the cause of action accrued. S.C. Code Ann. § 15-3-20(A).

Ms. Looper has claimed Category 4, 5(a), 5(b), and 7(d) injuries. *See* Exhibit A Categorization Medical Records, [Doc. 27336], pp. 2-4. For her Category 5(b) injury, the "injury" is the invasive, open surgery to remove the fractured filter which occurred on February 18, 2014. *See id*. at p. 14-16. During this procedure, a 20 cm incision was made in the Ms. Looper's body and her skin, subcutaneous tissue, fascia and muscle were dissected to allow the surgeon to access the fractured and embedded filter. *See id*. Thus, the cause of action for this 5(b) injury accrued when injury occurred on February 18, 2014, and the three-year statute of limitations began running from that date. Moreover, during this procedure, the surgeon noted the Category 7(d) injury (filter migration), which was not previously documented in

1

the medical records. *See id.* at 14-15. Critically, the Category 5(a) injury is the non-invasive laparoscopic procedure performed on August 6, 2013. *See id.* at 8-10. During this laparoscopic procedure, Ms. Looper experienced only a punctured vein—as opposed to the 20 cm incision through skin, subcutaneous tissue, fascia and muscle during the February 18, 2014 procedure. *See id.* To assert that the August 16, 2013 non-invasive procedure caused the "accrual" of the cause of action for the February 18, 2014, open, invasive surgery contradicts South Carolina law because Ms. Looper had not yet suffered the "injury" that would enable the cause of action to accrue. In summary, the causes of action for her 5(b) open retrieval surgery injury and 7(d) filter migration injury accrued when she suffered the injury on February 18, 2014 and the surgeon noted the filter migration.

## II. Principles of *res judicata* bar the Cook Defendants from raising their statute of limitations defense for a second time.

Defense preclusion is a valid application of res judicata and precludes a party from raising issues that were previously decided or could have been raised and decided. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 590 U.S. 405, 406 (U.S. 2020). "[W]here a final judgment has been rendered on the merits of a claim, res judicata protects the finality of that judgment and prevents parties from undermining it by attempting to relitigate the claim." *Mulligan v. Board of Trustees of Indiana University*, No. 1:24-cv-00096, 2024 WL 1972751, at *3 (S.D. Ind. May 3, 2024). "Res judicata has three elements: '(1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts).'" *Id.* citing *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009)). "A claim is deemed to have 'identity' with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *Id.* at *5. "Even if ... two claims are based on different legal theories, the two claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Id.* citing *Bernstein v. Bankert*, 733 F.3d 190, 226–27 (7th Cir. 2013).

The Cook Defendants already asserted their statute of limitations defense in October 2019 for the *Looper* case.  *See* [Docs. 11921, 11922].  On appeal, the Seventh Circuit reversed the ruling and remanded the *Loope*r case.  *See Looper v. Cook Incorporated, et al.*, case no. 20-3103, [Doc. 71].  In its opinion, the Seventh Circuit noted that Ms. Looper had filed her case within the statute of limitations:

> Under the *Dobbs* approach, which was urged by Cook and adopted by the district court at earlier stages of this MDL, appellants Looper and Lambert both filed their cases within the applicable statutes of limitations.

*See id.* at 11.  In the present action, the Cook Defendants' statute of limitations defense has the same "identity" with the "previously litigated matter" appealed to the Seventh Circuit because "it [was] based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *See Mulligan,* No. 1:24-cv-00096, 2024 WL 1972751, at *5.  While the Cook Defendants attempt to make a new statute of limitations argument by mischaracterizing the accrual date for Ms. Looper's causes of action, their first argument [which was reversed on appeal] and their second, rehashed argument "are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *See id*.  Therefore, Defendants' statute of limitations argument is barred by defense preclusion under principles of *res judicata.*

### III.   CONCLUSION

For the foregoing reasons, Ms. Looper's Category 5(b) and 7(d) injuries should not be dismissed.

Respectfully submitted,

*/s/ Trent B. Miracle*
222 East Park Street, Suite 500
Edwardsville, IL 62025
Phone: (618) 288-4777
tmiracle@flintcooper.com

**Attorneys for Plaintiff**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Trent B. Miracle*