IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff Victoria Looper
Case No. 1:16-cv-03510

**PLAINTIFF VICTORIA LOOPER'S REQUEST FOR LEAVE TO FILE A LONGER RESPONSE PURSUANT TO CMO 28 AND RULE 56(d)(3)**

COMES NOW Plaintiff Victoria Looper, who respectfully requests permission to file a six-page answer to Defendant's Motion for Judgment pursuant to CMO 28:

1. Plaintiff's case has an extensive factual and procedural history, including an appellate court case and its legal file.

2. Plaintiff respectfully requests that the Court accept her six-page answer to Defendant's Motion for Judgment, attached here as Exhibit A, for this reason.

3. Should the Court deny Plaintiff's request, Plaintiff respectfully asks the Court to consider her three-page answer to Defendant's Motion for Judgment.

                                                Respectfully submitted,

                                                **FLINT COOPER COHN THOMPSON & MIRACLE**

                                                */s/ Trent B. Miracle*
                                                222 East Park Street, Suite 500
                                                Edwardsville, IL 62025
                                                Phone: (618) 288-4777
                                                Fax: (618) 288-2864
                                                tmiracle@flintcooper.com
                                                ***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10November 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Trent B. Miracle*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to Plaintiff Victoria Looper<br>Case No. 1:16-cv-03510 | |

**EXHIBIT A TO PLAINTIFF VICTORIA LOOPER'S REQUEST FOR LEAVE TO FILE A LONGER RESPONSE PURSUANT TO CMO 28 AND RULE 56(d)(3)**

COMES NOW Plaintiff Victoria Looper, by and through counsel, and for her Response to the Cook Defendants' Motion for Judgment Pursuant to CMO-28, states as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On December 29, 2016, Plaintiff Victoria Looper ("Ms. Looper") filed her Short Form Complaint in this MDL ("*Looper* case"). *See In Re: Cook Medical, Inc. v. Looper*, case no. 1:16-cv-03510, [Doc. 1]. On October 1, 2019, the Cook Defendants filed their Omnibus Motion for Summary Judgment Based on Statute of Limitations [Doc. 11921] and accompanying Memorandum in Support of Omnibus Motion for Summary Judgment Based on Statute of Limitations, which included the *Looper* case. [Doc. 11922]. The Cook Defendants argued that "Indiana's two-year statute of limitations applies to the claims" and that Plaintiffs "failed to commence their actions within two years." *See* [Doc. 11922] at 1.

On October 29, 2019, Ms. Looper filed her Response in Opposition to Cook Defendants' Motion for Summary Judgment Based on Statute of Limitations. [Doc. 12250]. On September 28, 2020, this Court entered its Final Judgment granting Defendants' Motion against Ms. Looper. [Doc. 14429].

1                                                                                                                         **EXHIBIT A**

On March 8, 2021, Ms. Looper filed her appeal in the Seventh Circuit. *See Looper v. Cook Incorporated, et al.,* U.S. Court of Appeals for the Seventh Circuit, case no. 20-3103, [Doc. 47]. On December 16, 2021, the Seventh Circuit issued an Opinion finding that Ms. Looper's case was governed by the laws of the originating jurisdiction, South Carolina, with a three-year statute of limitations, thereby reversing and remanding the case. *See id.,* [Doc. 71].

On October 27, 2025, the Cook Defendants filed the present Motion for Judgment, now asserting that Ms. Looper failed to file her case within South Carolina's three-year statute of limitations.

II.     ARGUMENT

    A.     **Ms. Looper's cause of action for her invasive surgery did not "accrue" until she suffered the injury on February 18, 2014.**

Under South Carolina law, "a personal injury cause of action cannot accrue until there is an injury," *McAlhany v. Carter*, 781 S.E. 2d 105, 112 (S.C. Ct. App. 2015). The beginning of the tolling period for the statutes of limitation is the time the cause of action accrued. S.C. Code Ann. § 15-3-20(A). Ms. Looper suffered an invasive, open surgery to remove the Cook IVC filter on February 18, 2014. Considering that the case was filed on December 29, 2016, well within the three-year statute of limitations in South Carolina, this case is not time barred.

Ms. Looper has claimed the following injuries: Category 4: embedded and high risk; Category 5(a): failed retrieval and failed complicated retrieval; Category 5(b): complicated retrieval; Category 7(c): filter fracture; and Category 7(d): filter migration. *See* Exhibit A Categorization Medical Records, [Doc. 27336], pp. 2-4.

For her Category 5(b) injury, the "injury" is the invasive, open surgery to remove the fractured filter which occurred on February 18, 2014. *See id*. at p. 14-16. During this procedure, a 20 cm incision was made in the Ms. Looper's body and her skin, subcutaneous tissue, fascia

and muscle were dissected to allow the surgeon to access the fractured and embedded filter. *See id.* Thus, the cause of action for this 5(b) injury accrued when injury occurred on February 18, 2014, and the three-year statute of limitations began running from that date. Moreover, during this procedure, the surgeon noted the Category 7(d) injury (filter migration), which was not previously documented in the medical records. *See id.* at 14-15. Thus, the three-year statute of limitations for the Category 7(d) injury began running from the February 18, 2014 date as well.

On the other hand, the Category 5(a) injury is the non-invasive laparoscopic procedure performed on August 6, 2013. *See id.* at 8-10. Notably, during this laparoscopic procedure, Ms. Looper experienced only a punctured vein—as opposed to the 20 cm incision through skin, subcutaneous tissue, fascia and muscle during the February 18, 2014 procedure. *See id.*

The Cook Defendants have erroneously mischaracterized the non-invasive laparoscopic procedure performed on August 6, 2013 as the injury which caused the cause of action to accrue for the February 18, 2014 invasive, open surgery where she suffered an eight (8) inch incision into her body to retrieve the fractured filter. To assert that the August 16, 2013 non-invasive procedure caused the "accrual" of the cause of action for the February 18, 2014 open, invasive surgery contradicts South Carolina law because Ms. Looper had not yet suffered the "injury" that would enable the cause of action to accrue. And then, only after the cause of action accrued on February 18, 2014 did the three-year statute of limitations began to run. In summary, the causes of action for her 5(b) open retrieval surgery injury and 7(d) filter migration injury accrued when she suffered the injury on February 18, 2014 and the surgeon noted the filter migration. Therefore, Ms. Looper's case is not time barred.

    **B.**    **Principles of *res judicata* bar the Cook Defendants from raising their statute of limitations defense for a second time.**

3                                                               **EXHIBIT A**

Defense preclusion is a valid application of res judicata and precludes a party from raising issues that were previously decided or could have been raised and decided. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 590 U.S. 405, 406 (U.S. 2020). "Any preclusion of defenses must, at a minimum, satisfy the strictures of issue preclusion or claim preclusion." *Id.* "[W]here a final judgment has been rendered on the merits of a claim, res judicata protects the finality of that judgment and prevents parties from undermining it by attempting to relitigate the claim." *Mulligan v. Board of Trustees of Indiana University*, No. 1:24-cv-00096, 2024 WL 1972751, at *3 (S.D. Ind. May 3, 2024). "Res judicata has three elements: '(1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts).'" *Id.* citing *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009)).

"A claim is deemed to have 'identity' with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *Id.* at *5. "Even if ... two claims are based on different legal theories, the two claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Id.* citing *Bernstein v. Bankert*, 733 F.3d 190, 226–27 (7th Cir. 2013).

As set forth above, the Cook Defendants already asserted their statute of limitations defense when they filed their Omnibus Motion for Summary Judgment Based on Statute of Limitations [Doc. 11921] and accompanying Memorandum in Support of Omnibus Motion for Summary Judgment Based on Statute of Limitations, which included the *Looper* case. [Doc. 11922]. And as set forth above, the Seventh Circuit reversed the ruling that had granted their Motion, and remanded the *Loope*r case. *See Looper v. Cook Incorporated, et al.,* U.S. Court of

4                                                                                                                                              EXHIBIT A

Appeals for the Seventh Circuit, case no. 20-3103, [Doc. 71]. In its opinion, the Seventh Circuit noted that Ms. Looper had filed her case within the statute of limitations:

> Under the *Dobbs* approach, which was urged by Cook and adopted by the district court at earlier stages of this MDL, appellants Looper and Lambert both filed their cases within the applicable statutes of limitations.

*See id.* at 11.

In the present action, the Cook Defendants' statute of limitations defense has the same "identity" with the "previously litigated matter" appealed to the Seventh Circuit because "it [was] based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *See Mulligan,* No. 1:24-cv-00096, 2024 WL 1972751, at *5. While the Cook Defendants attempt make a new statute of limitations argument by mischaracterizing the date of accrual for Ms. Looper's causes of action, their first argument [which was reversed on appeal] and their second, rehashed argument "are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *See id*.

Therefore, the Cook Defendants' statute of limitations argument is barred by defense preclusion under principles of *res judicata.*

## III.   CONCLUSION

For the foregoing reasons, Ms. Looper's Category 5(b): complicated retrieval injury and Category 7(d): filter migration injury are not barred by the three-year South Carolina statute of limitations.

Respectfully submitted,

**FLINT COOPER COHN THOMPSON & MIRACLE**

*/s/ Trent B. Miracle*
222 East Park Street, Suite 500
Edwardsville, IL 62025
Phone: (618) 288-4777

5                                                                                    EXHIBIT A

Fax: (618) 288-2864
tmiracle@flintcooper.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Trent B. Miracle*

6                                                                                                           EXHIBIT A